RECEIVED
IN CLERK'S OFFICE

MAY 3 1 2007

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE-

U.S. DISTRICT COURT
MID. DIST. TENN.

| | | |
|---|---|---|
| NISSAN NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3 07 0601 |
| | ) | |
| | ) | JUDGE TRAUGER |
| SDM AUTOMOTIVE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER, SETTING
PRELIMINARY INJUNCTION HEARING, AND
GRANTING MOTION FOR EXPEDITED DISCOVERY**

This cause came to be heard on this day, and it appearing from the Verified Complaint

that the rights of the Plaintiff are being or will be violated by the Defendant and that the Plaintiff

will suffer immediate and irreparable injury, loss or damage before a hearing may be had on the

Motion for Preliminary Injunction;

IT IS, THEREFORE, ORDERED that upon Plaintiff executing a bond in the amount of

$5,000 , the Defendant, SDM Automotive, LLC, and all the persons acting in concert and

in participation with it, are restrained, pursuant to Rule 65, Federal Rules of Civil Procedure,

from making any unauthorized use of Plaintiff's INFINITI marks or any mark that is similar in

appearance to the INFINITI marks: (1) as part of any trademark, service mark, trade name,

corporate name, or assumed name; (2) as part of any internet domain name, title, description, key

words, source codes, tags, meta tags, banners, links, email addresses, and any other use for the

purpose of directing Internet traffic; and (3) as part of any and all websites and promotional

materials, save that the INFINITI marks may be used in a nominative manner to identify

Nissan's Infiniti-branded vehicles.

Nissan has demonstrated a likelihood of success on the merits in showing that the Defendant's unauthorized use of the INFINITI marks on Defendant's website violates Nissan's trademark rights under the Lanham Act and the Anticybersquating Consumer Protection Act The Court further finds that Nissan has demonstrated that the continuation of Defendant's acts would cause substantial injury to Nissan, its business reputation and goodwill. The Court finds that such harm to Nissan is irreparable and outweighs any possible harm which may result to Defendant from the issuance of a temporary restraining order.

It is further ORDERED that this Court will conduct a hearing on Plaintiff's Motion for ~~to be decided by Judge Trauger~~ Temporary Restraining Order and Preliminary Injunction and on _____, 2007, at _____, ___.m., and it is further

ORDERED that all parties must appear at that hearing personally or through their counsel, and it is further

ORDERED that the parties may file any papers in further support of or opposition to the Motion for Temporary Restraining Order and Preliminary Injunction on or before ~~to be decided by Judge Trauger~~, 2007 at _____, ___.m., and it is further

ORDERED that Plaintiff's Motion For Expedited Discovery related to the Preliminary Injunction is GRANTED, and it is further

ORDERED that Steve Burhans, the Managing Director of the Defendant, and, if necessary, that corporate representatives designated by Defendant pursuant to Fed. R. Civ. P. 30(b)(6) shall appear at oral depositions on dates and at times and at a place mutually convenient to all parties, provided that Plaintiff serves Defendant with a Notice of Deposition on at least ~~three (3)~~ *five (5)* days' notice, and it is further

2

ORDERED that Defendants produce before or at the depositions, copies of the following documents:

1. All documents pertaining to the Defendant's use of the INFINITI marks on the website located at the <infinitibids.com> domain name, including but not limited to the registration of the website;

2. Any correspondence, including letters, emails and/or facsimiles sent or received by Defendant, its agents or employees, pertaining to Plaintiff, its INFINITI marks, its customers or employees, or any of its prospective employees or customers;

3. All emails sent or received at the info@infinitibids.com email address, or at any other email addresses in part using "@infinitibids.com";

4. Documents sufficient to identify all products, literature, signs, labels, tags, prints, packages, wrappers, containers, fabrics, advertising materials, stationery, and any other items in Defendants' possession or control that bear InfinitiBids™, the INFINITI marks, or any derivation thereof;

5. Documents sufficient to identify all dealers and purchasers or prospective purchasers of Infiniti vehicles who have joined <infinitibids.com>, participated in a demonstration of the site, or received promotional materials from the Defendant advertising the site; and

6. Documents sufficient to disclose all sales, revenues, and profits attributable to use or operation of the website located at the <infinitibids.com> domain name.

IT IS SO ORDERED

JUDGE

4:37 p.m.
Central Standard Time

Approved for Entry:

Joel T. Galanter (#017990)
Adams and Reese LLP
424 Church Street, Suite 2800
Nashville, TN 37219
Telephone: 615/259-1450
Facsimile: 615/259/1470
joel.galanter@arlaw.com

*Attorneys for Plaintiff*

4